## McLeod v. Bridges.

(Division B.   Jan. 24, 1938.)

[178 So. 321.   No. 33009.]

A. M. Edwards, of Mendenhall, for appellant.

King & Berry, of Mendenhall, for appellant.

J. P. & A. K. Edwards, of Mendenhall, for appellee.

588

Argued orally by **A. M. Edwards**, for appellant.

**Griffith, J.,** delivered the opinion of the court.

A material issue in this case is whether, on July 23, 1936, a white man named Harry R. Phillips was living or dead. It is shown by the testimony that the particular person, using that name, had left this state early in the year 1931, and upon inquiry he was traced to the state of Arkansas. A certificate of the registrar of the Bureau of Vital Statistics of that state was introduced in evidence showing tht a white man of that identical name had died in Pulaski county, Ark., on October 2, 1932. This certificate was receivable in evidence under the express provision of section 1585, Miss. Code 1930, and as proof of the fact of death. 10 Ency. Ev., p. 733.

Appellant says, however, that this alone is not sufficient evidence that the person who died in Arkansas is the particular or identical person who was known as Harry R. Phillips here. The rule is, generally, that identity of name is prima facie evidence of identity of person, and is sufficient to shift the burden to the other party to show that the name was in fact of a different person. There are exceptions to the rule, as, for instance, where the name is a common one, or the transaction is remote in time, or where there are circumstances inherent in the evidence which would point to a differ-

ence in person, or where to allow the presumption of identity would operate to invalidate judgments or the regularity of judicial proceedings, and other exceptions, within sound reason, are to be found. 6 Ency. Ev., p. 913 et seq. No such exception is perceptible in this record.

The other assignments have been examined, and we find no reversible error.

Affirmed.