STATE OF NORTH CAROLINA v. JOHN LEWIS MURRARY

No. 7228SC738

(Filed 22 November 1972)

1. **Robbery § 4— armed robbery — sufficiency of evidence**
     State's evidence, including the identification of defendant by two eyewitnesses, was sufficient to be submitted to the jury in an armed robbery prosecution.

2. **Criminal Law § 127— motion in arrest of judgment — denial**
     Defendant's motion in arrest of judgment in an armed robbery

State v. Murrary

case was properly denied where the indictment sufficiently charges the offense of armed robbery and no defect appears on the face of the record.

3. **Indictment and Warrant § 10— name of the accused — doctrine of idem sonans**

Doctrine of *idem sonans* is applicable where the indictment, judgment and commitment refer to defendant as "John Louis Murray" and the caption of the case in the record on appeal names defendant as "John Lewis Murrary."

APPEAL by defendant from *Anglin, Judge,* May 1972 Criminal Session of Superior Court held in BUNCOMBE County.

Defendant was tried on his plea of not guilty to an indictment charging him with armed robbery. The State presented the testimony of two eyewitnesses who positively identified defendant as the person who committed the robbery charged in the bill of indictment. Defendant testified that at the time the robbery was alleged to have been committed he was on a plane traveling to New York and presented witnesses to corroborate his alibi. The jury found defendant guilty of armed robbery, and from judgment imposing prison sentence, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Howard P. Satisky for the State.*

*Robert L. Harrell for defendant appellant.*

PARKER, Judge.

[1]  Defendant's first assignment of error is directed to denial of his motion for nonsuit. There was ample evidence to require submission of the case to the jury and there is no merit in defendant's first assignment of error.

[2]  Defendant's second assignment of error is directed to denial of his motion in arrest of judgment. "A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record." *State v. McCollum,* 216 N.C. 737, 6 S.E. 2d 503. The indictment in the present case is sufficient to charge the offense of armed robbery, and no defect appears on the face of the record before us. Accordingly, defendant's second assignment of error is also without merit.

[3] We note that the indictment as well as the judgment and commitment refer to the defendant as "John Louis Murray," while the caption of the case in the record on appeal names defendant as "John Lewis Murrary." While defendant has made no point concerning this, in view of his motion in arrest of judgment we deem it proper to advert to this fact, and we hold that the doctrine of *idem sonans* is applicable. *State v. Culbertson,* 6 N.C. App. 327, 170 S.E. 2d 125.

We have carefully reviewed the entire record and find

No error.

Judges CAMPBELL and MORRIS concur.