507 So.2d 48 (1987)
Lewis Oscar YOUNG
v.
STATE of Mississippi.
No. 56218.
Supreme Court of Mississippi.
April 8, 1987.
Rehearing Denied June 3, 1987.
Thomas M. Fortner, Pascagoula, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from the Circuit Court of Jackson County, wherein Lewis Oscar Young was convicted of rape and sentenced to twenty-two years' imprisonment without possibility of parole under the provisions of Mississippi Code Annotated, Section 99-19-81 (Supp. 1986), one of our two habitual offender statutes.
We have reviewed the assignments of error pertaining to the principal charge of *49 rape and are of the opinion that none of them has sufficient merit to justify detailed discussion. Unfortunately, such is not the case with the habitual offender portion of the trial.
At the sentencing hearing, the state introduced certain documents tending to show that Young had three prior felony convictions. They can be summarized as follows:

CONVICTION OF LOCATION TYPE OF DOCUMENT
Rape Adams Co. Undated document from Circuit Court stating
 that "Louis Young" pleaded guilty and
 directing that he be confined to the State
 Penitentiary
Grand Larceny Tallahatchie (1) indictment of "Louis Young" (December
(auto) County term, 1959)
 (2) letter from Circuit Clerk informing
 prison authorities of conviction in Cause
 No. 3680
Robbery Tallahatchie (1) indictment of "Louis Young" (December
 County term, 1959)
 (2) letter from Circuit Clerk informing
 prison authorities of conviction in Cause
 No. 3678
 (3) court transcript recording conviction in
 Cause No. 3678 on December 7, 1959.

At trial, Young's counsel raised several objections to these documents. The first was that the state never established by independent testimony that the defendant was the same man referred to in the documents. (In the present case, the defendant was tried as "Lewis Oscar Young", whereas the documents refer to "Louis Young.")
Mississippi follows the general rule that an identity between the name in a document and the name of the defendant creates a rebuttable presumption that the two people are in fact identical. E.g., Course v. State, 461 So.2d 770, 771 (Miss. 1984); Goldsby v. State, 240 Miss. 647, 674, 123 So.2d 429, 439 (1960); McLeod v. Bridges, 180 Miss. 585, 588-89, 178 So. 321 (1938).
Appellant retorts that this rule does not apply here, since the names "Lewis Oscar Young" and "Louis Young" are different. This difference, however, is governed by the principle of idem sonans; where names sound substantially alike, minor variances in their form are considered immaterial. 65 C.J.S. Names § 14. "Lewis" and "Louis" are plainly idem sonans. State v. Murrary, 16 N.C. App. 638, 192 S.E.2d 688, 689 (1972). The fact that the earlier documents omit the defendant's middle name is of no legal consequence. E.g., State v. Fields, 616 S.W.2d 86, 87 (Mo. App. 1981).
A more serious objection is that during the sentencing phase, the trial judge considered evidence not properly before him and conducted a sentencing hearing of insufficient scope. At the beginning of the hearing, defense counsel moved to exclude the state's documents because no foundation had been laid for them. In overruling this motion, the trial judge used language clearly showing that he was relying on evidence introduced in the trial for rape. He said: "and of course, having sat in this trial for two days and not only his attorney admitted it on voir dire, but the defendant himself testified under oath that he was in fact, convicted of these offenses."
The state responds that in bifurcated trials it is not unusual for the state to reintroduce evidence from the guilt phase for use in the sentencing phase. The difficulty here is that in the present case such evidence was not reintroduced during the sentencing phase; the trial judge simply relied on it without its introduction. The state, *50 recognizing its problem, asks this Court to hold that certain remarks made by the state attorney constitute a reintroduction of evidence. The remarks referred to are as follows:
BY MR. MOORE: Judge, if you remember the testimony yesterday on voir dire, the defendant's lawyers admitted he had been convicted of rape, robbery and grand larceny. And, on direct examination this defendant admitted that he was convicted in Adams County of rape and served thirteen years and one month... . I think he has admitted all three of those things.
The use of evidence in a sentencing phase of a bifurcated trial under the habitual offender statute is governed by Seely v. State, 451 So.2d 213 (Miss. 1984). Seely contains some very important language about the procedures to be observed in such a trial.
The state has the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge. The defendant also has the same rights at both stages of trial. There appears to be some tendency to routinely allow the state to produce some documentation of prior offenses and for the trial court to perfunctorily find the defendant an habitual offender, then routinely pass out the sentence mandated by Section 99-18-1. We wish to leave no doubt that a bifurcated trial means a full two-phase trial prior to any finding that the defendant is an habitual offender and subject to enhanced punishment. (451 So.2d at 215).
It seems obvious that, by this standard, the sentencing procedure in the present action was seriously deficient. Certainly, no two-phase trial occurred. The state simply introduced the documents to prove prior convictions, and that was that. This is the epitome of the evil against which the Seely court protested. Moreover, the language employed by Mr. Moore cannot be stretched so as to be considered a reintroduction of the evidence. On the contrary, it seems simply an invitation to the trial judge to rely on that evidence without having it reintroduced, which he subsequently did.
In short, the habitual offender phase of the trial was so infirm that it cannot survive. Accordingly, it is not necessary to discuss the remaining assignments of error.
Our rule is that "the habitual offender sentencing, like [a] capital sentencing, is itself a trial on eligibility for a harsher sentence and therefore constitutes jeopardy." DeBussi v. State, 453 So.2d 1030, 1033 (Miss. 1984). Because of the double jeopardy clause, we cannot remand to have Young resentenced under the habitual offender statute. However, the appellant's brief admits that the 22-year sentence, if unenhanced, would be reasonable for a rape conviction. We agree, and remand to the trial court to sentence Young to an unenhanced term of twenty-two years' imprisonment.
AFFIRMED AS TO RAPE CONVICTION; REVERSED AND RENDERED AS TO HABITUAL OFFENDER SENTENCE.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.