# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00815-SCT

### CONSOLIDATED WITH

### 96-KP-00060-SCT

*EDDIE PRESLEY*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/29/95 |
| TRIAL JUDGE: | HON. HARVEY S. BUCK |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 5/8/97 |
| MOTION FOR REHEARING FILED: | 5/27/97 |
| MANDATE ISSUED: | 8/14/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

This post-conviction relief is a complicated maze of motions consolidating cases 95-KP-00815-SCT and 96-KP-00060-SCT. The confusion arises because Presley filed post-conviction relief motions in the trial court and the Mississippi Supreme Court on the same day. Neither motion was withdrawn. More worried at not articulating the path of Presley's motions than being redundant, we shall attempt to make order out of a chaotic paper chase.

**I.**

Presley was tried on May 26, 1982, and found guilty for the charges of armed robbery in the Circuit Court of Lowndes County. In *Presley v. State*, 474 So.2d 612 (Miss. 1985), we upheld Presley's conviction for armed robbery, but remanded for a new sentence hearing. Presley was convicted for armed robbery when he attempted to steal steaks from a grocery store and pulled a knife out on his escape while the manger chased him. The trial court originally sentenced Presley as an habitual criminal under Miss. Code Ann. § 99-19-81 for forty (40) years without eligibility for parole or probation. The trial judge conducted a pre-sentence hearing but we held that an adequate sentencing hearing had not been held since Presley did not present any mitigating evidence. *Presley*, 474 So. 2d at 619. We noted that "the judge is not to be faulted in this matter, since he afforded every opportunity to appellant and his counsel to present mitigating evidence at that hearing." *Presley*, at 620. However, we acknowledged that Presley does have a prior criminal record and listed his prior convictions by date, in order. *Id.*, at 619. Essentially, we felt that the sentence was not proportional to the crime. So, while accepting the fact that Presley had a prior criminal record, we remanded for re-sentencing such that all matters relevant could be considered, and "require counsel for appellant to present any mitigating circumstances at the resentencing hearing (surely, there must be some)." *Id.*, at 620.

A re-sentencing hearing was held on September 26, 1985, in which Presley was sentenced to 20 years without eligibility for parole or probation. The record does not contain a transcript of the 1985 re-sentencing proceeding. However, Presley included a copy of the 1985 re-sentencing hearing with his brief.

On November 29, 1993, Presley filed a motion to correct sentence in the Lowndes County Circuit Court, pursuant to Miss. Code Ann. § 99-39-5(a)(e)(I), *et seq*. The motion claimed that Presley was improperly sentenced as an habitual offender on two grounds. First, the State failed to prove he actually served prior sentences of at least one year. Secondly, the State improperly used a prior conviction for robbery on November 25, 1974 and escape on May 27, 1975 in violation of MRE 901(a)(b)(7) and 902(1)(2)(4). Presley contended that the re-sentencing hearing violated the double jeopardy clause of the Mississippi Constitution, Art. 3, § 22. Furthermore, Presley contended that he was denied effective assistance of counsel.

Also on November 29, 1993, Presley filed in the Mississippi Supreme Court an Application for Leave to File Motion to Correct Sentence in the Circuit Court of Lowndes County pursuant to Miss. Code Ann.§§ 99-39-7 and 99-39-27. The grounds raised in this motion are the same ones raised in the motion to correct sentence filed in Lowndes County Circuit Court.

Between December 1993 and May 1994, Presley filed with this Court a Motion to Withdraw Previous Filed Application because said motion did not claim grounds upon which relief could be granted. On May 12, 1994, this Court by Justice Roberts, denied Presley's motion, No. 93-M-1315, to withdraw the previously filed application to proceed in lower court.

On July 19, 1994, an order was filed recusing Judges Lee J. Howard and John M. Montgomery. These judges requested recusal because they were members of the District Attorney's office at the time the matters of litigation were before the grand jury, and both have prior knowledge of the facts and proceedings. The order stated that Judge Beverley Mitchell Franklin, County Court Judge for Lowndes County, agreed to preside over the proceeding.

On November 24, 1994, this Court, No. 93-M-1315, in a panel consisting of Chief Justice Hawkins, and Justices Sullivan and Smith, addressed Presley's Application for Leave to File a Motion to Correct Sentence in the Circuit Court of Lowndes County filed on November 19[sic], 1993, and a Supplemental Brief, Motion for Specified Relief filed on June 17, 1994. This Court noted that the motions challenge his May, 25, 1982 sentence, vacated and remanded in *Presley v. State*, 474 So.2d 612 (Miss. 1985), and his additional sentence hearing and re-sentencing on remand in the Lowndes County Circuit. We held that Presley's motions to correct his **original** sentence are time-barred by Miss. Code Ann. § 99-39-5 and procedurally barred by Miss. Code Ann. § 99-39-21. We held that Presley was entitled to challenge the constitutionality of his 1985 re-sentencing proceedings and should be made to the Lowndes County Circuit Court. Therefore, Presley's Application for Leave to File a Motion to Correct Sentence in Lowndes County was dismissed without prejudice.

A month and a half later, on January 13, 1995, Presley filed a Motion to Correct Sentence in Lowndes County. Presley contended that he was denied due process of law during sentencing and was erroneously sentenced as an habitual offender since the state failed to meet their required burden of proof. Presley contended that the state's production of documents pertaining to prior convictions was not enough, since no finger prints or photographs were put into evidence to identify him. Presley contended that he was denied a full two phase trial. Also on January 13, 1995, Presley filed a Brief in Support of Petitioner's Motion to Correct Sentence. Furthermore, Presley contended that the re-sentencing hearing constitutes double jeopardy.

On April 11, 1995, Judges Howard and Montgomery again requested recusal. On June 1, 1995, Chief Justice Hawkins appointed special Judge Harvey Buck to hear the matter.

On June 29, 1995, Judge Buck issued an order denying Presley's motion. Specifically, Judge Buck found that Presley was sentenced under Miss. Code Ann. § 99-19-81, which does not require any proof concerning the length of Presley's actual service of time in the penitentiary. Furthermore, Judge Buck found that Presley was barred by the three year statute of limitations pursuant to Miss. Code Ann. § 99-39-5.

On August 11, 1995, Presley filed an appeal of Judge Buck's ruling. Presley contends that Judge Buck failed to consider and follow the order issued by this Court on Nov. 29, 1994. Presley contends that Judge Buck erroneously ruled on his initial application to correct judgement in the lower court , and did not rule on his motion filed January 13, 1995 in accordance with this Court's panel order. Presley contends that Judge Buck should have ruled on his January 13, 1995 post conviction motion filed according to the Mississippi Supreme Court panel order. This argument fails to take into account that his motion in Lowndes County, filed the same day as the application to this Court on November 29, 1993, was never dismissed. Presley appeals to this Court, 95-KP-00815-SCT.

On December 8, 1995, Judge Buck denied Presley's motion filed on January 13, 1995, according to this Court's panel, which was initially filed with this Court as an Application on November 29, 1993. Judge Buck denied Presley's motion on grounds of the three year statute of limitations. Therefore, Presley, in 96-KP-00060-SCT, appeals to this Court.

## II.

### 95-KP-00815-SCT

As to the motion to correct filed in Lowndes County on November 23, 1994, Judge Buck ruled that the motion violated the three year post-conviction relief statute, Miss. Code Ann. § 99-39-5(2).

Presley filed a motion to correct in Lowndes County Circuit Court on November 29, 1993. The motion claimed that Presley was improperly sentenced as an habitual offender on two grounds. First, Presley contended that the State failed to prove he actually served prior sentences of at least one year in the penitentiary. Secondly, Presley contended that the State improperly used prior convictions of robbery on November 25, 1974 and escape on May 27, 1975 in violation of MRE 901(a)(b)(7) and 902(1)(2)(4). Presley contended that the re-sentencing hearing violated the double jeopardy clause of the Mississippi Constitution, Art. 3, § 22. Furthermore, Presley contended that he was denied ineffective assistance of counsel.

On June 29, 1995, Judge Buck denied Presley's motion. Judge Buck concluded that since Presley was sentenced as an habitual offender under Miss. Code Ann. § 99-19-81, the state was not required to prove Presley's actual length of time served in the penitentiary. Judge Buck also concluded that Presley's motion was timed barred by the three year statute of limitations found in Miss. Code Ann. § 99-39-5.

Miss. Code Ann. § 99-39-5(2) sets forth the time limitation during which a post-conviction proceeding must be brought. This statute requires that a motion for post-conviction relief must be made within three years after entry of judgement. Presley was re-sentenced on September 26, 1985. No record exists denoting that Presley directly appealed the re-sentencing hearing. Therefore, according to the statute of limitations, Presley must have filed a timely appeal by approximately September 26, 1988. Presley filed his motion to correct on November 29, 1993, clearly more than three years after his re-sentencing. Therefore, Presley's motion was properly time barred.

On appeal, Presley contends that Judge Buck's June 29, 1995 order ruled on the incorrect motion and did not take into consideration this Court's panel order allowing Presley to make constitutional challenges of the 1985 re-sentencing hearing. Presley's contention that Judge Buck ruled on the wrong motion seems misplaced. On November 29, 1993, Presley filed separate motions to the Lowndes County Circuit Court and the Mississippi Supreme Court. Presley filed a motion to withdraw the previous filed application to proceed in lower court with this Court. On May 5, 1994, Justice Roberts denied his motion to withdraw. Therefore, both initial motions remained pending in the respective courts where they were filed. Since Presley's motion to correct filed in Lowndes County was never withdrawn or dismissed, Judge Buck properly ruled on the motion when it came before the Lowndes County Circuit Court. This Court's November 23, 1994 panel order dismissed without prejudice the application for leave that was filed in this Court so that Presley could file his new motion in the Lowndes County Circuit Court. Obviously, neither court knew that Presley had a motion pending in the other's court. However, Judge Buck did rule on the re-filed January 13, 1995 motion on December 8, 1996 in 96-KP-00060-SCT. This Court will address that motion in the next section. Therefore, Presley's aggrievement as to the occurrences contended in 95-KP-00815-SCT are addressed in 96-KP-00060-SCT. Any over-lap on constitutional issues on Presley's initial motion and his December 12, 1994 motion shall be addressed in 96-KP-00060-SCT.

## II.

On November 29, 1993, Presley filed an application for leave motion in this Court. On May 12, 1994, Justice Roberts denied Presley's motion to withdraw the previous filed application. On June 15, 1994, Presley filed a supplemental brief and motion to this Court as per MRAP 27. On November 23, 1994, this Court, in a panel consisting of Chief Justice Hawkins, and Justices Sullivan and Smith, filed an order dismissing without prejudice Presley's motions before this Court. The Order stated:

> To the extent that Presley seeks to correct his original sentence [1982], the motions are time-barred by the Miss. Code Ann. § 99-39-5 and procedurally barred by Miss. Code Ann. § 99-39-21. However, to the extent that Presley challenges the constitutionality of his 1985 resentencing proceedings, application for relief properly should be made to the Lowndes County Circuit Court.

As a result of this Court's order, Presley filed a new motion to correct on January 13, 1995.

On December 8, 1995, Judge Buck denied Presley's new motion filed on January 13, 1995. Judge Buck ruled that Presley's motion was time barred by the three year statute of limitations, Miss. Code Ann. 99-39-5. Whether or not Judge Buck knew of this Court's order allowing the constitutional challenges of the 1985 re-sentencing hearing is unknown. In any event, Judge Buck did not address Presley's constitutional challenges.

Presley appeals three issues:

> I. That appellant was denied due process of law during the sentencing in 1982 and 1985, and was erroneously sentenced as an habitual offender where the State fails to carry and meet the required burden of proof as mandated by virtue of the statute. *Seely v. State* and *Young v. State*.

> II. That the State failed to prove that the appellant was in fact the same person referred to in the mere documents of prior convictions by way of identity, fingerprints, photographs, or other evidence.

> III. That the resentencing as an habitual offender on remand in 1985 was in violation of the United States Constitution and the Mississippi Constitution, Art. 3, § 22, prohibiting double jeopardy.

The Attorney General's office contends that Presley's motion for post conviction relief is time barred by Miss. Code Ann. § 99-39-5(2), and that Presley has not demonstrated that any of his contentions fall within any exception to the time bar. The Attorney General's office did not address any of Presley's specific claims.

In *Lockett v. State*, 656 So.2d 68, 71 (Miss. 1995), we set forth statutory exceptions to the post-conviction relief time bar: (1) allegations of supervening insanity, (2) intervening decisions which would have adversely affected the outcome of Lockett's conviction or sentence, and (3) newly discovered evidence. However, we have stated that when a circuit court has exceeded its statutory authority in sentencing and fundamental constitutional rights may be involved, then such claims may be exempt from the §§ 99-39-5(2) and 99-39-21(3) procedural bars. *Kennedy v. State*, 626 So.2d

103, 105 (Miss. 1993); ***Luckett v. State***, 582 So.2d 428, 430 (Miss. 1991); ***Grubb v. State***, 584 So.2d 786, 789 (Miss. 1991). All three of Presley's contentions shall be addressed together.

In ***Seely v. State***, 451 So.2d 213, 214 (Miss. 1984), appellant Seely claimed that he was denied the right to be heard. ***Seely*** stated that a bifurcated trial is mandatory in prosecutions under Miss. Code Ann. § 99-19-81. ***Seely*** noted the inherent ongoing practice at the trial level where the prosecutor merely produces documentation of prior convictions, and the trial court perfunctorily finds the defendant an habitual offender. ***Seely***, 451 So.2d at 215. Thus, a two-phase trial is mandatory when determining that the defendant is an habitual offender. After the jury returned with a verdict of guilt, the prosecutor proceeded to put on proof that Seely was an habitual offender by introducing certified copies of Seely's prior convictions. ***Seely***, at 214 (acknowledging ***Pace v. State***, 407 So.2d 530, 534 (Miss. 1981), in that the state is entitled to introduce certified copies of convictions for proof of prior convictions).

***Young v. State***, 507 So.2d 48 (Miss. 1987), reversed the trial court determination that the defendant was an habitual offender. At the sentencing phase, the state failed to re-introduce evidence that the defendant had prior convictions, but the trial judge considered the evidence when determining the defendant an habitual offender. ***Young***, 507 So.2d at 49. We found that the trial judge considered evidence not properly before him. We concluded that a two-phase trial had not occurred. ***Young***, at 50. Furthermore, we noted that Young could not be remanded for re-sentencing because of the double jeopardy clause. ***Id.***

***DeBussi v. State***, 453 So.2d 1030, 1032 (Miss. 1984), reversed the trial court's determination that the defendant was an habitual offender based on evidence not properly admitted. DeBussi claimed that remanding him for a re-sentencing hearing would constitute double jeopardy. ***DeBussi*** held that "the habitual offender sentencing ... is itself a trial on eligibility for a harsher sentence and therefore constitutes jeopardy." ***DeBussi***, at 1033. ***DeBussi*** concluded: "where there is no evidence to support a conviction apart from the evidence erroneously admitted by the trial court that the Mississippi Double Jeopardy Clause precludes the state from having a second chance to establish DeBussi's habitual offender status." ***Id.***, at 1034. The Court reasoned that the essence of double jeopardy is to limit the state to one fair opportunity to offer its proof. Since the state offered proof, though it was inadmissible proof, the state should not be able to try again.

We have upheld sentences under the habitual criminal statute where certified copies of the judgement were used as proof for prior convictions. ***DeBussi v. State***, 453 So.2d at 1031; ***Jackson v. State***, 418 So.2d 827, 830 (Miss. 1982); ***Baker v. State***, 394 So.2d 1376, 1379 (Miss. 1981). In the case *sub judice*, we initially listed Presley's criminal record on appeal showing the following convictions: Resisting Arrest, Robbery, Escape, Malicious Mischief, Simple Assault, Public Disturbance, Public Disturbance, and Armed Robbery. ***Presley***, at 619. We concluded, "We have carefully examined the record in this case. A pre-sentence hearing was conducted pursuant to Rules 6.02-6.04 Uniform Criminal Rules of Circuit Court Practice, and it was conceded that appellant is an habitual offender as defined by the statute." ***Presley***, at 620. Though not in the court records, Presley attached the 1985 re-sentencing hearing to his brief. The re-sentencing trial court properly determined that Presley had two prior felony convictions which were noted by this Court. Furthermore, the trial court noted specific facts pertaining to the prior convictions.

*Presley* was not remanded to determine whether he was an habitual offender. The 1982 court, affirmed by this Court, affirmed that Presley was an habitual offender. We remanded Presley because the sentence did not seem proportional to the crime and no mitigating evidence was presented.

In conclusion, we determined that all of Presley's claims concerning his 1982 sentencing hearing were precluded by the procedural bar and time bar of the Post-Conviction Relief statute. The only issues before this Court were the constitutional challenges pertaining to the 1985 re-sentencing hearing. Having previously determined that Presley was an habitual offender in *Presley*, 474 So.2d 612, the only issue was whether Presley's re-sentencing constituted double jeopardy. Since the re-sentencing hearing was held so that Presley could present mitigating evidence, and not to determine whether Presley was an habitual offender, it can not be said that Presley was put in jeopardy twice. We remanded the sentence in an attempt to reduce Presley's sentence, not retry his habitual offender status. Therefore, the trial court's denial of Presley's motion for post-conviction relief is affirmed.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**