COLEMAN, Justice,
concurring in part and dissenting in part:
¶ 28. I agree with the majority’s opinion that Newberry was not denied counsel under the Sixth Amendment. I also agree that Green did not comply with the requirements for pro hac vice admission as dictated in Mississippi Rule of Appellate Procedure 46, specifically the requirement that local counsel be present at trial. However, I disagree that the failure to follow Rule 46 constitutes ineffective assistance of counsel per se when the defendant is unaware that his counsel is not licensed to practice law in Mississippi nor admitted pro hac vice, requiring reversal in the instant case. Nonetheless, because the State failed to properly provide evidence supporting Newberry’s status as a habitual offender, I would reverse the trial court’s imposition of the habitual offender sentence enhancement. Finally, the trial court, within its discretion, properly allowed Officer Scallorn to testify on whether Newberry was under the influence. Therefore, I respectfully concur in part and dissent in part.
I. Pro Hac Vice Admission and Rule 46 of the Mississippi Rules of Appellate Procedure
¶ 29. Mississippi Rule of Appellate Procedure 46 controls the admission, withdrawal, and discipline of attorneys, including pro hac vice admissions. Miss. R. App. P. 46. As the majority correctly lays out, Rule 46 lists several requirements for *660 proper pro hac vice admission, including that a foreign attorney “shall not appear as counsel pro hac vice before any court ... until the foreign attorney certifies to the court ... that the foreign attorney has provided a copy of the order authorizing such appearance to the Clerk of the Supreme Court.” Miss. R. App. P. 46(b)(7). Yet, in the instant case, Green was not authorized by the trial court until he had represented Newberry by filing motions on his behalf, and he testified in post-trial proceedings that he never submitted an order admitting him pro hac vice to the Mississippi Supreme Court.[6] Further, it is clear that Green did not comply with the requirements of Rule 46 that local counsel be present at trial. Miss. R. App. P. 46(b)(4) (allowing the Court to excuse local counsel from appearing in pretrial conferences, hearings, and other procedures, but not allowing the Court to excuse local counsel from appearing at trial).
¶ 30. While I concur with the majority that Green violated Rule 46, I respectfully dissent as to the reversal of the defendant’s conviction. Rule 46 contains a section spelling out exactly how Rule 46 should be enforced:
ii. By Courts and Administrative Agencies. The courts ... of this state shall have the duty and authority to enforce the provisions of this rule by denying violators the right to appear. If a foreign attorney engages in professional misconduct during the course of a special appearance, the judge ... may revoke permission to appear pro hac vice and may cite the foreign attorney for contempt. In addition, the judge ... shall refer the matter to the disciplinary counsel of the Mississippi Bar for appropriate action by the disciplinary tribunal.
iii. Violation. Violation of this rule is deemed to be the unlawful practice of law. The Mississippi Bar, or its designated representatives, shall have the right to take appropriate action to enforce the provisions of this rule under the provisions of Miss.Code Ann. § 73-51-1 (1989).
Miss. R. App. P. 46(b)(ll). Nowhere in Rule 46, or elsewhere in our law, is there a provision that states that violation of Rule 46, whether or not the client is aware, equates in and of itself to a violation of an accused’s right to counsel. As the State points out, in Terrell v. Tschirn, 656 So.2d 1150 (Miss.1995), we wrote as follows:
Where a party knows or with reasonable diligence may have discovered the Rule 46 violation, the failure to file a motion prior to trial acts as a waiver and proee-durally bars him from raising the issue on appeal. Terrell should not be allowed to take his chances with a jury and then, after he loses, file his motion. See Buchanan v. Buchanan, 587 So.2d 892, 897 (Miss.1991) (party who knew of grounds for judge’s recusal could not wait until after adverse verdict to file a motion, the point is deemed waived). See also Ryals v. Pigott, 580 So.2d 1140, 1175-76 (Miss.1990); City of Biloxi v. Cawley, 332 So.2d 749, 750 (Miss.1976).
Id. at 1152. In Terrell, a party was represented by an attorney licensed in Louisiana but not in Mississippi. Id. The Louisiana-licensed attorney never obtained pro hac vice admission, and on appeal his client argued that all pleadings signed by him should be struck. Id. Pursuant to the above-quoted reasoning, we held Terrell to be barred from complaining about the failure of his attorney to obtain pro hac vice *661 admission. In the case sub judice, one of the Rule 46 violations of which Newberry complains is that his counsel was allowed to proceed at trial without local counsel present. Clearly, he had reason to know of the Rule 46 violation prior to the start of trial. Absent some sort of showing that his counsel was constitutionally ineffective pursuant to Strickland,, discussed below, he waived any Rule 46 violation.
¶ 31. The majority, discussing Little v. State, 819 N.E.2d 496, 508 (Ind.Ct.App.2004), also appears to hold that the appearance by foreign counsel amounts to per se ineffective assistance of counsel, but I disagree.[7] In Mississippi, ineffective assistance of counsel claims are analyzed pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Parker v. State, 30 So.3d 1222, 1233 (¶ 37) (Miss.2010); Holly v. State, 716 So.2d 979, 989 (Miss.1998). A strong, albeit rebuttable, presumption exists that trial counsel performed in a competent manner and within the broad spectrum of reasonable conduct that one might expect from a trial attorney. Parker, 30 So.3d at 1233 (¶ 37). To successfully rebut the presumption, a defendant must demonstrate that “his attorney’s performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial.” Id. “Only where it is reasonably probable that but for the attorney’s errors, the outcome of the trial would have been different, will we find that counsel’s performance was deficient.” Id.
¶ 32. Based on my review of his brief, the defendant makes no attempt to rebut the presumption that his trial counsel acted competently. He points to no part of the record that shows his defense suffered due to any ignorance of Mississippi law or procedure on the part of his trial attorney. Neither the defendant nor the majority cites the Stnckland standard. The instant case provides a remarkable example of a violation of our rules prohibiting the practice of law by an unlicensed attorney, but I am unwilling to create an exception to our well-settled adherence to Strickland. See United States v. Maria-Martinez, 143 F.3d 914, 916-17 (5th Cir.1998) (declining to apply a per se ineffectiveness rule in situations involving unlicensed attorneys); see also United States v. Mitchell, 216 F.3d 1126 (D.C.Cir.2000) (holding that suspension of an attorney does not, by itself, render counsel per se ineffective under the Sixth Amendment, and that the Strickland analysis still applies); United States v. Ross, 338 F.3d 1054, 1056-57 (9th Cir.2003) (suspension from practice prior to start of petitioner’s criminal trial is not per se ineffective assistance); United States v. Mouzin, 785 F.2d 682, 698 (9th Cir.1986) (disbarment during petitioner’s criminal proceedings did not violate Sixth Amendment right to effective assistance of counsel); United States v. Hoffman, 733 F.2d 596 (9th Cir.1984) (suspension from practice does not automatically violate Sixth Amendment right to effective assistance of counsel).
¶ 33. Because the majority opinion does not reach Newberry’s remaining arguments on appeal as a result of the decision to reverse on the Rule 46 violation, it is necessary to briefly discuss the remaining issues here. In addition to his Rule 46 and Sixth Amendment arguments, Newberry *662 argues that the trial court erred in failing to admit proof of his prior convictions into evidence during sentencing and that the trial court erred in admitting the opinion testimony of Officer Jason Scallorn.
II. Habitual Offender Status
¶ 34. Evidence supporting an habitual offender enhancement imposed pursuant to Mississippi Code Section 99-19-81 must be introduced and made a part of the record of the sentencing hearing. Young v. State, 507 So.2d 48, 50 (Miss.1987). Uniform Rule of Circuit and County Court Practice 11.03(2) requires the trial court to hold a separate trial on the charge of previous convictions. “The state has the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge. The defendant also has the same rights at both stages of trial.” Young, 507 So.2d at 50 (quoting Seely v. State, 451 So.2d 213, 215 (Miss.1984)).
¶ 35. In Young, the State introduced— during the sentencing hearing — documentary evidence showing that one “Louis Young” had three prior felony convictions. Young, 507 So.2d at 49. Counsel for the defendant, Lewis Oscar Young, objected on the basis that the State never established that the Louis Young named in the documents was the same man as his client. Id. In overruling the objection, the trial judge relied on testimony elicited from the defendant during the guilt phase of the trial, wherein the defendant testified that he was convicted of the three offenses. Id. The Young Court, describing the sentencing procedure as “seriously deficient,” reversed because the testimony upon which the judge relied in overruling the defendant’s objection was never introduced into evidence at the sentencing hearing. Id. at 50.
¶ 36. In the case sub judice, certified copies of Newberry’s convictions, or pen pack, had been attached to the State’s pretrial motion to amend the indictment. At sentencing, the prosecutor offered them into evidence and noted that they had been attached to the earlier-filed motion to amend. As in Young, the defendant contended that the convictions detailed in the pen pack were of someone else. Defense counsel indicated that she wished to place her client on the stand to testify as to whether or not the convictions found in the pen pack pertained to him, to which the trial judge responded, “Well, they’ve already been admitted into evidence, so I’ll have to accept them as they are, ma’am.” However, our review of the record and exhibits reveals that they were not, in fact, introduced into evidence, nor did the trial judge incorporate them into the record by reference.[8] Despite an attempt by defense counsel to inform the court that the pen pack had not been introduced, the trial judge continued to proceed under the mistaken impression that it had.
¶ 37. Young and its predecessor, Seely v. State, 451 So.2d 213 (Miss.1984), clearly stand for the proposition that “[ejvidence which is not admitted cannot be considered proof in the case,” Alphonso v. Deshotel, 417 S.W.3d 194, 201 (Tex.Ct.App.2013). The Seely Court wrote:
A jury is to decide the question of guilt and subsequently the circuit judge is to serve as the finder of fact in determining whether the habitual offender part of the indictment is established by the requisite degree of proof. The state has *663 the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge. The defendant also has the same rights at both stages of trial. There appears to be some tendency to routinely allow the state to produce some documentation of prior offenses and for the trial court to perfunctorily find the defendant an habitual offender, then routinely pass out the sentence mandated by § 99-19-81. We wish to leave no doubt that the requirement of a bifurcated trial means a full two-phase trial prior to any finding that a defendant is an habitual offender and subject to enhanced punishment. Further, a complete record of the second part of the trial must be made.
Seely, 451 So.2d at 215.
¶ 38. The State argues first that the pen pack had been introduced into the court record as an exhibit to the motion to amend Newberry’s indictment. However, in Young we reversed an habitual offender sentence because the trial court relied upon sworn testimony elicited during the guilt phase of the trial but not reintroduced during sentencing. The Young Court held, in no uncertain terms, that evidence supporting an habitual offender sentence enhancement, if introduced somewhere other than the sentencing hearing, must be reintroduced. Young, 507 So.2d at 50. Moreover, discovery responses and attachments to filings submitted to the Court may not be considered at trial unless admitted into evidence. Adams v. Allstate Ins. Co., 809 So.2d 1169, 1173 (La.Ct.App.2002) (“Evidence not properly and officially offered and introduced shall not be considered, even if it is physically placed in the record.”); Bodo v. Nationwide Ins. Co., 75 Ohio App.3d 499, 599 N.E.2d 844, 848 (1991) (“Materials attached to a trial memorandum are not considered evidence and therefore are not a part of the record to which the court may look for purposes of rendering judgment.”); Donndelinger v. Donndelinger, 107 Idaho 431, 690 P.2d 366, 374 (1984) (Although filed with the court, answers to interrogatories “are not evidence unless offered and admitted at trial” and “do not become incorporated into evidence in a trial merely by allusion, indirect reference or physical presence before the court during the questioning of a witness.”).
¶ 39. The State next contends that Newberry admitted to two prior convictions while testifying on the day of the sentencing hearing. Newberry did admit to convictions in 1992 and 2002, but there is no evidence in the record of the sentencing hearing from him or any other source concerning what the convictions were for or what sentences he received for them. See Miss.Code Ann. § 99-19-81 (Rev. 2007) (to enhance the sentence, the convictions must be for felonies and the defendant must have been sentenced to separate terms of one year or more).
¶ 40. In Grayer v. State, the Court vacated a defendant’s sentence as an habitual offender on the grounds that the State did not provide competent evidence to support such a sentence. Grayer v. State, 120 So.3d 964, 969 (¶ 19) (Miss.2013). In that case, the State failed to move to enter the certified copies of Grayer’s prior convictions into evidence, and the trial court had nothing more to rely on other than a mere recitation of Grayer’s prior felony convictions. Id. The Court held that the State failed to prove Gayer’s prior convictions by competent evidence, which rose to the level of plain error. Id. While the instant case differs from Grayer in that the pen packs are in the court file as an exhibit to a pretrial motion, pursuant to our holdings in Young and Seely, inclusion elsewhere in the court file does not suffice. Actual *664 admission into evidence at sentencing is required.
¶ 41. I would reverse the habitual offender enhancement to Newberry’s sentence, as, pursuant to Young and Grayer, the trial court may not rely on information not introduced as evidence during the sentencing hearing when imparting an habitual offender sentence enhancement.
III. Officer Scallorn’s Testimony
¶ 42. Finally, Newberry argued that the trial court erred in allowing Officer Scallorn to testify at trial on whether, in his opinion, Newberry was under the influence. Specifically, the State asked Officer Scallorn, “Based off of what you personally observed in your training and experience, did this defendant pass the field sobriety test?” to which Officer Scallorn responded, “No, sir.” Newberry appears to assert that Officer Scallorn would need to be qualified as an expert to testify as to such matters. However, the question posed by the State specifically asked Officer Scal-lorn to base his answer “off of what [he] personally observed in [his] training and experience.” Officer Scallorn’s testimony clearly falls under Mississippi Rule of Evidence 701, in that it is “(a) rationally based on [Officer Scallorn’s] perception ..., (b) helpful to the clear understanding of the testimony ..., and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.” See Miss. R. Evid. 701.
¶ 43. Additionally, the Court previously has addressed the issue of police officers testifying as to the administration of field sobriety tests without being qualified as an expert witness. In Young v. City of Brookhaven, the Court held that the testimony of an officer as to the administration of a horizontal gaze nystagmus test— which is the same test as in the instant case — was not so complex and technical as to require expert testimony. Young v. City of Brookhaven, 693 So.2d 1355, 1358-61 (Miss.1997). See also Pulido v. City of Oxford, 991 So.2d 1223, 1226-27 (¶¶ 11-19) (Miss.Ct.App.2008); Graves v. State, 761 So.2d 950, 954-55 (¶ 12) (Miss.Ct.App.2000). Similarly, the trial court did not err in admitting the testimony of Officer Scallorn.
¶ 44. In the absence of any rebuttal of the Strickland presumption by the defendant, I disagree with the majority’s reversal of the defendant’s conviction as a result of the Rule 46 violation and would instead affirm the defendant’s conviction. However, I would reverse the habitual offender sentence enhancement.
RANDOLPH, P.J., LAMAR AND PIERCE, JJ„ JOIN THIS OPINION.

. The records maintained by the Supreme Court confirmed that he never submitted an order admitting him.

. I do not agree that we should adopt Little. However, even if we did, it would not apply here. The crux of the Little Court's rule is whether the defendant knows his attorney is not licensed in the jurisdiction of trial. If the defendant knows, then there is no Sixth Amendment issue. Little, 819 N.E.2d at 503. On direct examination, Newberry admitted he knew Green was not licensed in Mississippi, stating that Green "told me he couldn’t practice in Mississippi, and he had another counsel who would practice with him.”

. Because they were not incorporated by reference, the instant case is distinguishable from our recent holding in Conner v. State, 138 So.3d 143 (Miss.2014). There, we held that incorporating the pen pack by reference, while not preferred, sufficed to support an habitual offender sentence enhancement.