KITCHENS, JUSTICE,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 35. I respectfully concur in part and dissent in part. I agree that, because no speedy trial violation occurred, Perry’s convictions of aggravated assault and the weapon charge must be affirmed. But I disagree that Perry’s Lowndes County sentencing order was sufficient to support the trial court’s finding beyond a reason-' able doubt that he had been sentenced to one year or more for that conviction. Because the State failed to meet its burden to prove Perry’s habitual offender status beyond a reasonable doubt, I would vacate, the habitual offender enhancement and remand for resentencing without the enhancement. . ■
¶ 36. In Conner v. State, 138 So.3d 143, 151 (Miss. 2014), this Court thoroughly explained the habitual offender sentencing process. “When the defendant is indicted as a habitual offender, ‘[a] jury is to decide the question of guilt and subsequently the circuit judge is to serve as the finder of fact in determining whether the habitual offender part of the indictment is established by the requisite degree of proof.’ ” Id. (quoting Seely v. State, 451 So.2d 213, 215 (Miss. 1984)). At a separate habitual offender sentencing hearing, the State must prove each element in the habitual offender statute beyond a reasonable doubt, and the defendant must be afforded, a reasonable chance to challenge ■ the State’s proof. Id. Conner noted that “there appears to be some tendency to routinely allow the state to produce some documentation of prior offenses and for the trial court to perfunctorily find the defendant an habitual offender, then routinely pass out the sentence mandated .... ” Id. (quoting Young v. State, 507 So.2d 48, 50 *763 (Miss. 1987)). The 'Court stressed that “a bifurcated trial means a full two-phase trial prior to any finding that the defendant is an habitual offender and subject to enhanced punishment.” Id. (quoting Young, 507 So.2d at 50).
¶ 37, At Perry’s.sentencing hearing, the trial court found from two sentencing orders submitted by the State that Perry was a nonviolent habitual offender pursuant to Mississippi Code Section 99-19-81. That statute provides:
Every person convicted in-this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss. Code Ann. § 99-19-81 ■ (Rev. 2015) (emphasis added). As the majority notes, the State proved that' Perry received a sentence of more than one year for a conviction of a theft by receiving stolen property in Georgia. The State also produced a sentencing order for a Lowndes County conviction for unlawful taking of a motor vehicle, and Perry argues that this sentencing order, standing alone, was insufficient to have enabled the trial court to find him an habitual offender beyond a reasonable doubt. The Lowndes County sentencing order provided:
Thereupon, the defendant was sentenced by the Court to serve a term of three (3) years in the custody of the Mississippi Department, of Corrections under the terms and conditions of Section 47-7-47 M.C.A. (1972), including the Regimented Inmate Discipline Program (RID) .... Further, if the defendant successfully completes the RID Program, the defendant is to be transported from the RID program to the Lowndes County jail to await resentencing. The Sheriff of said County or his designee is to promptly notify the County Probation Office of the defendant’s return and the Probation Office is directed to contact the Court Administrator as soon as possible to schedule the re-sentencing.
If the defendant fails to' successfully complete the RID Program, then he shall be transferred to the general population to begin serving his sentence as originally imposed without further order of this Court.
(Emphasis added.)
¶ 38. I would find that Perry’s Lowndes County sentencing order, on its face,, failed to establish the statutory requirement that he was sentenced to a term of one year or more. Contrary to the majority’s contention, the order made the sentence that Perry serve three years contingent upon his failure to complete the RID program. The sentence “includ[ed]” the RID program and provided that, if Perry completed that program, then he was to be resen-tenced. Because the sentence included the RID program, Perry’s participation in that program was not optional, and Perry either would have completed the program and been resentenced, or he would have failed to complete the program and served what remained of the three years. The sentencing order does not, nor could it, foresee which .of these two possibilities would occur. Thus, on the face of the sentencing order, the sentenced imposed was indeterminate. More evidence was required to establish what sentence Perry ultimately received. The State provided no evidence that Perry either did not com- *764 píete the RID program, or that he completed the RID program and then was resentenced to one year or more.[3] The majority relies on the prosecutor’s statement at the sentencing hearing that “I believe even later, though, he was revoked on that order also, Your Honor.” But the prosecutor’s unsupported statement of his own belief was not competent evidence to support' a finding beyond a reasonable doubt that Perry had failed to complete the RID program. Ultimately, this Court, like the trial court, is unable to know what sentence Perry actually received for the crime.
¶ 39. I recognize that the question of whether Perry actually served a sentence of one year or more is irrelevant under Section 99-19-81.[4] To prove habitual offender status under Section 99-19-81, the State was required to prove, beyond a reasonable doubt, that Perry was given a sentence of one year or more. As discussed above, the problem with the State’s use of Perry’s sentencing order is that, on its face, the order did not impose an absolute sentence of one year or more “in any state and/or federal penal institution.” Miss. Code Ann. § 99-19-81. Perry’s sentence was indeterminate. Notably, the sentencing order provided for resentencing if Perry completed the RID program, not suspension of the sentence. This Court has held that a sentence of one year or more may be used for habitual offender enhancement under Section 99-19-81, even if the sentence later is suspended. Jackson v. State, 381 So.2d 1040, 1042 (Miss. 1980). But here, because the question of whether Perry received a three-year sentence could be answered only by proof of his completion or noncompletion of the RID program, nothing before the trial court constituted proof beyond a reasonable doubt that Perry had been sentenced to one year or more.
¶40. The Lowndes County sentencing order, standing alone, does not establish that Perry was sentenced to a term of one year or more. Therefore, the State failed to prove Perry’s habitual offender status beyond a reasonable doubt. This error is obvious from the face of the sentencing order. I would find that this was a plain, clear, and obvious error that prejudiced Perry and violated his fundamental right of freedom from an illegal sentence. Since the State failed to prove beyond a reasonable doubt that Perry had been sentenced to one year or more, his sentence did not conform to the applicable penalty statute. See Coleman v. State, 947 So.2d 878 (Miss. 2006) (holding that “criminal statutes are to be strictly construed against the State and liberally in favor of the accused”). Accordingly, I would vacate the habitual offender enhancement and remand for re-sentencing without the enhancement. See Grayer v. State, 120 So.3d 964, 969-70 (Miss. 2013) (“the State rs not entitled to a second chance to prove a defendant’s habitual-offender status on remand, because that would violate the prohibition against double jeopardy under the Mississippi Constitution”).
KING, J., JOINS THIS OPINION.

. Nor did the State provide any evidence of the duration of the RID program.

. That question is relevant under Section 99-19-83, in which the State must prove that the defendant was sentenced to and actually served one year or more. Miss. Code Ann. § 99-19-83 (Rev. 2015); Bogard v. State, 624 So.2d 1313, 1320 (Miss. 1993).