WALKER, Presiding Justice,
for the Court:
This is an appeal from the Circuit Court of LeFlore County, Mississippi, wherein the appellant, Thomas Hurt, was indicted, tried and convicted of the crime of aggravated assault upon a law enforcement officer and with being a habitual criminal pursuant to Mississippi Code Annotated section 99-19-81 (Supp.1981).
After conviction of aggravated assault on a law enforcement officer, a separate hearing was held by the court without a jury and appellant was sentenced to serve a term of thirty (30) years without parole in the custody of the Mississippi Department of Corrections.
On appeal, the appellant assigns as error, inter alia:
I.
The verdict of the jury was contrary to the overwhelming weight of the evidence.
II.
The court erred in refusing to allow him a jury trial at the sentencing phase as a habitual criminal.
On the evening of June 20, 1981, Thomas Hurt, also known as “Pee Wee,” and his wife, Elizabeth, were walking down Dixie Lane Alley on the way home from a movie. As they walked past Earl DeLaney and Anthony Lloyd Smith, also known as “Ricky,” Smith, according to Hurt, Ricky stated to Elizabeth, “Hey Baby.” Hurt told Smith he did not appreciate the comments being made to his wife and both started to argue which led to a fight. According to DeLaney, he and Hurt’s brother-in-law broke up the fight. Hurt left the area and Ricky also left to get a gun according to DeLaney.
Hurt met his wife and her sister at their house where he got out his shotgun. He told them he would be less than a man if he did not straighten this situation out. After Hurt left, Mrs. Hurt saw a man named Benson, Smith’s roommate, out back of their house with a shotgun.
*561 According to several State’s witnesses, Hurt returned to Dixie Lane Alley with his shotgun making threats to kill anyone in his way and advising everyone to get off the street. Hurt denied making any threats but did admit returning to Dixie Lane Alley with a shotgun.
Officer Grones, a plainsclothesman, was notified that several complaints had been made concerning a man with a shotgun at Dixie Lane Alley. At approximately 9:00 p.m., Grones, in an unmarked vehicle, arrived at the scene and was informed by a resident of the suspect’s location. He drove to the southend of the Alley but did not see the suspect. He turned around and while returning to the house where he obtained his initial information, saw the suspect down on his knees crouching beside a car on the right side of the Alley. Grones got out of his car, drew his weapon and advised the suspect that he was a police officer and instructed him to stand up. The suspect started up at which point Grones could see his face and half of his chest. The suspect then started back down and again Grones instructed him to stand up. The suspect came up, at which time a gunshot was fired.
Hurt fled from the scene. Officer Grones was able to radio headquarters to describe his alleged assailant and his physical condition. He was then transported to the hospital where he was treated for gunshot wounds of the left shoulder and chest area necessitating a hospital stay of approximately seven days.
Hurt admitted the confrontation with Grones but testified that as he stood up and was backing up his gun accidentally fired. At that time he was unaware he had hit anyone. He was later informed that a policeman had been shot on Dixie Lane Alley. Hurt decided to turn himself in and James Stevens, the chief of police, picked him up on Broad Street and transported him to the police department. Hurt also led the police to the house of Frank Thomas, where they secured a single barrel .12 gauge shotgun.
During trial, Hurt admitted the following convictions: Robbery in 1969; Burglary in 1971; Robbery in 1974; Armed Robbery in the State of Illinois in 1975; Burglary of a building in 1978; and Burglary in 1980.
I.
Appellant contends the verdict of the jury was contrary to the overwhelming weight of the evidence.
In his defense appellant testified that he did not intend to shoot anyone the evening of June 20, 1981, and that the shooting which did take place was accidental.
The testimony reveals the appellant made various threats, a fact he disputes, as he walked down Dixie Lane Alley armed with a shotgun. Freddie Lee Baker, who was standing in a doorway, and after someone said they were going to call the police, testified that he heard appellant say, “He don’t care, he shoot the police.” Tim Austin, Jr., a resident of Dixie Lane Alley, heard the appellant state: “I am going to kill somebody, I don’t care who it is.”
Whether or not appellant intended to shoot the officer or whether the shooting was accidental as he claims was peculiarly a question for the jury to resolve. Black v. State, 231 Miss. 191, 94 So.2d 925 (1957).
When the facts clearly make out a jury question and there exists sufficient evidence to support their verdict, this Court will not disturb that verdict. See Sadler v. State, 407 So.2d 95 (Miss.1981).
Based upon the facts presented, we find the jury verdict was amply supported by the evidence.
II.
The appellant also assigns as error that the court erred in refusing to allow him a jury trial at the sentencing phase as a habitual criminal.
This question has been answered contrary to appellant’s contention in Wilson v. State, 395 So.2d 957 (Miss.1981); Diddlemeyer v. State, 398 So.2d 1343 (Miss.1981), and most recently in Adams v. State, 410 So.2d 1332 (Miss.1982).
The remaining assignment of error is without merit.
*562 Finding no reversible error, the judgment' and sentence of the trial court are affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, and PRATHER, JJ., concur.
HAWKINS and DAN M. LEE, JJ., specially concur.