451 So.2d 213 (1984)
Sydney Don SEELY
v.
STATE of Mississippi.
No. 54891.
Supreme Court of Mississippi.
May 30, 1984.
*214 Thomas L. Kesler, Sams & Kesler, Columbus, for appellant.
Bill Allain, Atty. Gen., by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Appellant was convicted of forgery in the Circuit Court of Lowndes County, Mississippi, and sentenced as an habitual offender under Mississippi Code Annotated § 99-19-81 (Supp. 1983), to serve a term of fifteen years in the custody of the Department of Corrections without the possibility of parole or probation. Appellant perfected this appeal and assigns as error that:
I.
The Trial Court erred in sentencing Appellant as an habitual offender because Appellant was denied his right to be heard.
II.
The Trial Court erred in sentencing the Appellant as an habitual offender as said sentence is unconstitutional.
Appellant bases his first assignment of error on Mississippi Constitution Section 26 which provides in full,
Section 26. In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed; and he shall not be compelled to give evidence against himself; but in prosecutions for rape, adultery, fornication, sodomy or crime against nature the court may, in its discretion, exclude from the courtroom all persons except such as are necessary in the conduct of the trial.
Appellant does not enlighten us as to exactly how his right to be heard was violated and a reading of the record indicates that it was not. After the state presented its evidence to the jury, the appellant elected to present no testimony. He was represented by counsel both at that stage of the trial and during the sentencing phase. After the jury brought in its verdict and was discharged, the trial court ordered the district attorney to proceed with proof of appellant's prior convictions. This was done by the introduction of certified copies of appellant's prior convictions as the state is entitled to do. Pace v. State, 407 So.2d 530 (Miss. 1981). Appellant, through his attorney, made objection to the admission of this evidence by the state, and those objections were overruled. Furthermore, appellant made a motion that a jury be impaneled to determine the factual question of whether the appellant was an habitual offender. This motion too was properly overruled. Mississippi Uniform Criminal Rules of Circuit Court Practice 6.04, ¶ 3; Hurt v. State, 420 So.2d 560 (Miss. 1982). At no other point did the appellant offer any evidence. After concluding that the appellant had been convicted on two separate prior felony convictions the trial court inquired of appellant if he wished to say anything before sentence was passed, to which the appellant responded in the negative.
As appellant was present and represented by counsel throughout the entirety of his trial, and offered no evidence, and on this appeal offers no indication of any evidence he would have placed before the trial court had he been given an opportunity, we cannot find that his constitutional right to be heard was in any way infringed upon.
While this record is by no means clear as to the stage at which Seely was not allowed to be heard, we point out to the trial judges, prosecutors and members of the bar that in prosecutions under § 99-19-81 a bifurcated trial is mandatory. Hurt v. State, 420 So.2d 560 (Miss. 1982); Wilson v. State, 395 So.2d 957 (Miss. 1981); Rule 6.04 *215 Uniform Criminal Rules of Circuit Court Practice. A jury is to decide the question of guilt and subsequently the circuit judge is to serve as the finder of fact in determining whether the habitual offender part of the indictment is established by the requisite degree of proof. The state has the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge. The defendant also has the same rights at both stages of trial. There appears to be some tendency to routinely allow the state to produce some documentation of prior offenses and for the trial court to perfunctorily find the defendant an habitual offender, then routinely pass out the sentence mandated by § 99-19-81. We wish to leave no doubt that the requirement of a bifurcated trial means a full two-phase trial prior to any finding that a defendant is an habitual offender and subject to enhanced punishment. Further, a complete record of the second part of the trial must be made. While we recognize that Rule 5.13(2)(f) of the Uniform Criminal Rules of Circuit Court Practice does not require a record to be made of the sentencing proceeding in a typical felony case where there is a bifurcated trial, that rule does not apply where the bifurcated trial is a mandatory proceeding.
In his second assignment of error the appellant argues that the sentence of fifteen years without parole or probation violates the Eighth Amendment of the Constitution of the United States and that the sentence is cruel and unusual in that it is disproportionate to the crime committed. In support of this argument, we are cited to Solem v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Helm in 1975 had been convicted of six non-violent crimes, three times for third degree burglary, and one each for obtaining money under false pretenses, grand larceny, and a third offense of driving while intoxicated. In 1979, Helm was found guilty of uttering a "no account" check for $100.00 and sentenced as a recidivist to life imprisonment without the opportunity for parole or probation. The United States Supreme Court struck down Helm's sentence, holding that a criminal sentence must be proportionate to the crime charged. ___ U.S. at ___, 103 S.Ct. at 3009, 77 L.Ed.2d at 749. We are of the opinion that Solem v. Helm does not govern this case but it is instead controlled by Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Rummel had been convicted three times of non-violent crimes, viz. fraudulent use of a credit card to obtain $80 worth of goods or services, passing a forged check in the amount of $28.36, and obtaining $120.75 by false pretenses. This last charge triggered the Texas recidivist statute, which provided "[w]hoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary." Id. at 264, 100 S.Ct. at 1134, 63 L.Ed.2d at 385. Rummel was sentenced to life. Under Texas law, he was eligible for parole in 12 years. Id. at 267-268, 100 S.Ct. at 1136, 63 L.Ed.2d at 387. The Supreme Court of the United States found that Rummel's life sentence was not disproportionate to the crime charged and consequently did not violate the Eighth Amendment.
Returning to Solem v. Helm, the Solem Court pointed out that it was not abandoning its decision in Rummel: "[o]n the contrary, our decision is entirely consistent with this Court's prior cases  including Rummel v. Estelle." ___ U.S. at ___, 103 S.Ct. at 3008-3009, 77 L.Ed.2d at 648, fn. 13. The Solem Court also noted the utility of the Rummel decision,
... Rummel should not be read to foreclose proportionality review of sentences of imprisonment. Rummel did reject a proportionality challenge to a particular sentence, but ... is controlling only in a similar factual situation.
___ U.S. at ___, 103 S.Ct. at 3016-3017, 77 L.Ed.2d at 658, fn. 32. (emphasis added).
The facts here are clearly similar to the situation governed by Rummel v. Estelle, supra. Here, as in Rummel, appellant was convicted of three non-violent felonies. Also, very little money was involved in this *216 case. Sentencing in the two cases was similar. In Rummel, defendant was sentenced to life but was eligible for parole in twelve years. The practical effect of that sentence was twelve years without parole or probation. Appellant's sentence here was fifteen years without parole or probation,  a quantative difference of only three years. It should further be noted that while Rummel would be eligible for parole in twelve years, he is not guaranteed parole in that span of time. The United States Supreme Court found that that sentence under those factual circumstances did not violate the Eighth Amendment.
Further, the Solem Court recognized that legislatures and sentencing courts should be given "substantial deference" and, combining this with the need for individualized sentencing results in a "wide range of constitutional sentences." Even under Solem then what remains to be determined would be whether the sentence is "grossly disproportionate." The three-year difference between Rummel and appellant here falls within that range of constitutional sentences and does not make one "grossly disproportionate" while the other is not.
Because Solem v. Helm expressly finds that Rummel v. Estelle has not been overruled, and with the factual situation here being far more similar to that of Rummel, we find that the second assignment of error is without merit and there is no Eighth Amendment violation.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.