# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-01068-SCT

*LONELL INGRAM BARNWELL a/k/a LONWELL I.*
*BARNWELL*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/29/96 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | JEANNENE T. PACIFIC |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/30/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Appellant prays for relief from the judgment of the Jones County Circuit Court dismissing his motion for post-conviction relief. Lonell Barnwell was convicted, as a habitual offender, of uttering a forgery. On January 20, 1988, he was sentenced to serve fifteen years without parole. On direct appeal this Court affirmed Barnwell's conviction and sentence. *Barnwell v. State*, 567 So. 2d 215 (Miss. 1990).

More than eight years later, on August 22, 1996, Barnwell filed his petition for post-conviction collateral relief requesting the lower court to correct the spelling of his name and to vacate the habitual offender portion of his sentence. The circuit judge considered Barnwell's post-conviction motion without the benefit of an evidentiary hearing and on August 29, 1996, issued an order dismissing the motion on the grounds that the "matter has been decided and ruled on previously by [the circuit court] as well as the Supreme Court of Mississippi." The court did grant relief with

respect to Barnwell's name, ordering that the records be clarified to reflect the defendant's name.

## FACTS

Lonell Barnwell was convicted on January 20, 1988, of uttering a forged instrument and was sentenced to fifteen years imprisonment without hope of parole, based on his status as a habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1980). Barnwell's two prior felony convictions include a July 9, 1971, conviction for theft of personal property of the value of $50.00 or more, for which he received a seven-year sentence in Texas, and a March 6, 1972, federal conviction in Texas for possession of stolen mail, for which he received a five-year sentence.

On August 22, 1990, this Court affirmed Barnwell's conviction and sentence. *See Barnwell v. State*, 567 So. 2d 215 (Miss. 1990). On March 25, 1992, this Court denied Barnwell's application to proceed in the trial court as being procedurally barred by waiver and the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(1), (3) (Supp. 1991).

On November 27, 1994, the Federal District Court for the Southern District of Mississippi denied Barnwell's Petition for Writ of Habeas Corpus, calling Barnwell's arguments "clearly frivolous." The Court of Appeals for the Fifth Circuit denied a Certificate of Probable Cause on April 4, 1995. On February 5, 1996, this Court denied Barnwell's Extraordinary Writ Seeking Collateral Relief. The Jones County Circuit Court dismissed Barnwell's Motion for Writ of Error Coram Nobis on August 29, 1996.

Aggrieved, Barnwell now appeals to this Court, citing the following issues:

> **I. WHETHER THERE WAS PROOF THAT LONWELL BARNWELL AND LONELL I. BARNWELL WERE ONE AND THE SAME PERSON WITH RESPECT TO A PRIOR TEXAS CONVICTION USED TO ENHANCE HIS SENTENCE.**
>
> **II. WHETHER THE STATE IMPROPERLY USED PRIOR CONVICTIONS THAT WERE MORE THAN FIFTEEN YEARS OLD TO ENHANCE BARNWELL'S SENTENCE.**
>
> **III. WHETHER BARNWELL'S FIFTEEN-YEAR SENTENCE WITHOUT PAROLE IS DISPROPORTIONATE TO THE OFFENSE AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.**

## STANDARD OF REVIEW

This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. *Schmitt v. State*, 560 So. 2d 148, 151 (Miss. 1990).

## DISCUSSION OF LAW

### *PROCEDURAL BARS*

In denying Barnwell's Extraordinary Writ Seeking Collateral Relief, this Court held that Barnwell's motion for post-conviction collateral relief was time-barred and barred as a successive writ. The procedural history of the case at bar is similar to that in *Lockett v. State*, 656 So. 2d 68 (Miss.), *cert.*

*denied*, 115 S. Ct. 2595, *reh'g denied*, 116 S. Ct. 27 (1995). In **Lockett**, this Court held:

> Without passing judgment on the actual merits of his three allegations, we deny Lockett's second application for post-conviction relief by virtue of the time bar found in Miss. Code Ann. § 99-39-5(2) (1994) and the successive writ bar found in Miss. Code Ann. § 99-39-27(9) (1994). In short, each of the three claims made belatedly by Lockett is doubly barred.

*Id.* at 70. Likewise, Barnwell's appeal of the circuit court's order is doubly barred.

## A. TIME BAR

Barnwell's motion for post-conviction relief is time-barred by virtue of the three-year statute of limitations set forth in Miss. Code Ann. §  99-39-5(2), which states, "A motion for relief under this chapter shall be made within three years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . ." Barnwell's current request for post-conviction relief was filed over eight years after his conviction and six years after his case was decided on direct appeal.

The statutory exceptions to the time bar are (1) an intervening decision which would have adversely affected the outcome of the prisoner's conviction or sentence, (2) newly-discovered evidence, and (3) expiration of the prisoner's sentence or unlawful revocation of prisoner's probation, parole or conditional release. Miss. Code Ann. § 99-39-5(2) (Rev. 1994). No exception is applicable in the case at bar.

## B. SUCCESSIVE WRIT BAR

Barnwell's motion is barred as a successive writ by virtue of Miss. Code Ann. § 99-39-23(6), which provides, "[A]ny order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed." Also, "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Miss. Code Ann. § 99-39-27(9) (Rev. 1994) (governing application to supreme court for leave to proceed in trial court; grant of relief; dismissal or denial as res judicata).

Statutory exceptions to this successive writ bar are: (1) an application filed pursuant to § 99-19-57(2) which raises the issue of the prisoner's supervening insanity prior to the execution of a sentence of death; (2) an intervening decision which would have adversely affected the outcome of the prisoner's conviction or sentence; (3) newly-discovered evidence; and (4) expiration of the prisoner's sentence or unlawful revocation of his probation, parole or conditional release. Miss. Code Ann. § 99-39-27(9) (Rev. 1994). No exception is applicable in the case at bar.

As this Court stated in denying Barnwell's Extraordinary Writ Seeking Collateral Relief, Barnwell previously filed a motion for post-conviction relief, which was denied by this Court. Barnwell's current motion is thus procedurally barred and barred by res judicata. *See* Miss. Code Ann. § 99-39-21 (Rev. 1994).

Alternatively, each issue fails on its merits.

## I. WHETHER THERE WAS PROOF THAT LONWELL BARNWELL AND LONELL

## I. BARNWELL WERE ONE AND THE SAME PERSON WITH RESPECT TO A PRIOR TEXAS CONVICTION USED TO ENHANCE HIS SENTENCE.

This Court finds that despite being procedurally barred, this issue is additionally without merit. Miss. Code Ann. § 99-39-21(1) provides, "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial or on direct appeal . . . shall constitute a waiver thereof and shall be procedurally barred. . . ." *See Mann v. State*, 490 So. 2d 910, 911 (Miss. 1986).

This Court must assume that Barnwell failed to object to the admission of his prior convictions at trial as it is the appellant's duty to call attention to and support his arguments with pertinent parts of the record. In *Wallace v. State*, 607 So. 2d 1184, 1189 (Miss. 1992), this Court stated, "We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." *Id.* (citing *Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983)). Barnwell has failed to so designate. Insofar as the court papers indicate, it was not until Barnwell filed his Motion for Error Coram Nobis with the circuit court that this issue was raised.

On direct appeal, Barnwell did challenge the weight and sufficiency of the evidence. The judgment affirming Barnwell's conviction further renders this issue barred as it is based on facts that are res judicata. *See Wilcher v. State*, 479 So. 2d 710 (Miss. 1985);*Leatherwood v. State*, 473 So. 2d 964 (Miss. 1985); *Callahan v. State*, 426 So. 2d 801 (Miss.), *cert. denied*, 461 U.S. 943 (1983) . This Court held that the evidence was sufficient to show that Barnwell uttered a forged instrument. The determinations of fact necessary to admit the evidence of Barnwell's prior convictions have already been made and affirmed, and res judicata applies. It cannot be relitigated. *See Billiot v. State* 478 So. 2d 1043 (Miss. 1985), *cert. denied*, 475 U.S. 1098 (1986); *see also* Miss. Code Ann. § 99-39-21(3) (Supp. 1985).

In both Barnwell's trial and in this Court's affirmance of his conviction, it was held that sufficient evidence existed to demonstrate that the defendant, Lonell Barnwell, and the person named on the forged check and in the court records, were one and the same. First, before cashing the check, the teller asked for driver's license identification and wrote the number on the back of the check. The number on the back of the check matched Barnwell's license number. Second, the teller positively identified Barnwell as the man who cashed the check. Third, a handwriting expert with the Mississippi State Crime Laboratory compared the handwriting on the check with several known samples of Barnwell's handwriting. He testified that the endorsement on the check matched the known samples of Barnwell's handwriting.

Thus, this issue is barred by res judicata by reason of the trial court's having found such and this Court's affirmation of that conviction on appeal. Furthermore, Barnwell previously raised this identical issue in his Writ of Error Coram Nobis, which was denied by the circuit court. The circuit court also ordered the court records amended to show that Lonell I. Barnwell is also known as Lonwell I. Barnwell.

## II. WHETHER THE STATE IMPROPERLY USED PRIOR CONVICTIONS THAT WERE MORE THAN FIFTEEN YEARS OLD TO ENHANCE BARNWELL'S

SENTENCE.

Barnwell argues that the trial court improperly admitted prior convictions of Barnwell which were more than fifteen years old in order to enhance his sentence. This Court finds that although this issue is procedurally barred, it is also without merit. Once again, this Court must conclude that Barnwell did not object at trial to the admission of these convictions as he has not supported his argument with facts from the record. This issue is thus waived. *See* Miss. Code Ann. § 99-39-21(1) (Rev. 1994); s*ee also **Wallace v. State***, 607 So. 2d 1184, 1189 (Miss. 1992);***Mann v. State***, 490 So. 2d 910, 911 (Miss. 1986).

Furthermore, this Court's affirmation of Barnwell's sentence bars this issue under the doctrine of res judicata as the prior convictions were necessary to sentence Barnwell as a habitual offender. *See* Miss. Code Ann. § 99-39-21(3) (Rev. 1994); *see also **Billiot v. State*** 478 So. 2d 1043 (Miss. 1985), *cert. denied*, 475 U.S. 1098 (1986).

Alternatively, on the merits, this issue fails. Barnwell is correct in interpreting M.R.E. 609 to state that convictions over ten years old may not be admitted into evidence; this rule applies, however, to convictions admitted for the purpose of attacking the credibility of a witness. *See* M.R.E. 609; *see also **United States v. Hamilton***, 48 F. 3d 149, 153 (5th Cir. 1995); ***United States v. Felix***, 867 F. 2d 1068, 1072 (8th Cir. 1989). Evidence of a final judgment of previous conviction is admissible under M.R.E. 803(22) to "prove any fact essential to sustain the judgment, but not including, when offered by the state in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused." M.R.E. 803(22).

Barnwell argues that because the credibility of witnesses may not be impeached by evidence of prior convictions over ten years old, it is a violation of equal protection to confront a defendant with such evidence. This Court finds that such argument is totally without merit and unsupported by any authority whatsoever by Barnwell. We find the circuit court committed no error in admitting the prior convictions to enhance Barnwell's sentence as a recidivist.

### III. WHETHER BARNWELL'S FIFTEEN-YEAR SENTENCE WITHOUT PAROLE IS DISPROPORTIONATE TO THE OFFENSE AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.

This issue is barred procedurally and, alternatively, on the merits. Barnwell raised this issue on appeal to this Court, and his conviction and sentence were affirmed. This issue is thus barred by res judicata. *See **Barnwell v. State***, 567 So. 2d 215 (Miss. 1990); *see also* Miss.Code Ann. § 99-39-21(3) (Rev. 1994); ***Billiot v. State*** 478 So. 2d 1043 (Miss. 1985), *cert. denied*, 475 U.S. 1098 (1986).

Alternatively, this issue is without merit. Miss. Code Ann. § 99-19-81 provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one year or more in any state and/or federal penal institution whether in this state or elsewhere shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 1994).

According to Miss. Code Ann. § 97-21-33, the penalty for forgery is a term of not less than two years, nor more than fifteen years. Thus, Barnwell's conviction is within statutory limits. This Court has repeatedly held that a sentence within prescribed statutory limits will generally be upheld. *See, e.g.,* ***Byrd v. State***, 522 So. 2d 756, 760 (Miss. 1988); ***Whitley v. State***, 511 So. 2d 929, 932 (Miss. 1987); ***Adams v. State***, 410 So. 3d 1332, 1334 (Miss. 1982); ***Baker v. State***, 394 So. 2d 1376, 1378 (Miss. 1981).

In affirming Barnwell's conviction and sentence, this Court addressed Barnwell's claim that his sentence of fifteen years without parole was disproportionate to his conviction as a recidivist for uttering a forgery. *See* ***Barnwell v. State***, 567 So. 2d 215 (Miss. 1990). The Court stated, "'Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits.'" ***Id.*** at 220 (quoting ***Solem v. Helm***, 463 U.S. 277, 290 n.16 (1983)).

This Court held that Barnwell's reliance on ***Solem v. Helm***, 463 U.S. 277 (1983), overruled by ***Harmelin v. Michigan***, 501 U.S. 967 (1991), was misplaced as ***Solem***'s three-pronged proportionality analysis is inapplicable to the case at bar. "Apart from the factual context of ***Solem***--a sentence of life in prison without the possibility of parole--or a sentence which is manifestly disproportionate to the crime committed . . . extended proportionality analysis is not required by the Eighth Amendment." ***Barnwell***, 567 So. 2d at 221 (citing ***Moreno v. Estelle***, 717 F.2d 171, 180 (5th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984)). In ***Solem***, the defendant was sentenced to life without parole under the state recidivist statute after having been convicted of six non-violent felonies. ***Solem***, 463 U.S. at 280.

Instead, this Court applied ***Rummel v. Estelle***, 445 U.S. 263 (1980), as the sentence in that case and the case sub judice are more similar than that of ***Solem***. In ***Rummel***, the defendant was sentenced to life imprisonment but was eligible for parole in twelve years after having been convicted of three nonviolent felonies. ***Rummel***, 445 U.S. at 266. The sentences of Rummel and Barnwell are thus more similar than that of Solem and Barnwell. ***Barnwell***, 567 So. 2d at 220. "The three-year difference between Rummel and [Barnwell] falls within that range of constitutional sentences and does not make one 'grossly disproportionate' while the other is not." ***Id.*** at 221.

This Court also addressed a Mississippi case, ***Seely v. State***, 451 So. 2d 213 (Miss. 1984), which is directly on point with the facts of the case sub judice. Seely, a habitual offender whose third conviction was for forgery, was sentenced to fifteen years without parole. ***Seely***, 451 So. 2d at 215. On appeal, this Court unanimously held that Seely's sentence did not constitute cruel and unusual punishment after examining both ***Rummel*** and ***Solem***. ***Id.*** at 215-16.

As in his prior appeal to this Court, Barnwell relies on ***Clowers v. State***, 522 So. 2d 762 (Miss. 1988). Clowers was sentenced to five years without parole for uttering a forgery rather than the requisite fifteen years without parole. ***Clowers***, 522 So. 2d at 763. While this Court upheld the sentence, it noted that its holding meant only that "the trial court did not commit reversible error in reducing what it found to be a disproportionate sentence under the facts of this case." ***Barnwell***, 567 So. 2d at 221 (quoting ***Clowers***, 522 So. 2d at 765). Thus, "***Clowers***, by its own statement, is limited to its

own distinctive facts and procedural posture. [Barnwell's] reliance on this case is misplaced." *Barnwell*, 567 So. 2d at 221.

## CONCLUSION

This Court finds that the issues argued by Barnwell are procedurally barred and are, alternatively, without merit. Moreover, Barnwell's entire appeal of the trial court's denial of post-conviction relief is both time-barred and barred as a successive writ. As a result, we dismiss Barnwell's appeal as being procedurally barred and affirm the trial court's denial of his petition for post-conviction relief.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**