# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01239-COA

**JESSIE D. BOYETT, JR. A/K/A JESSE BOYETT, JR.**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/17/2022 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JESSIE D. BOYETT JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/23/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND SMITH, JJ.**

**WESTBROOKS, J., FOR THE COURT**:

¶1.     Jessie Boyett Jr. appeals the denial of his motion for post-conviction collateral relief (PCR) that he filed in DeSoto County Circuit Court on October 4, 2022.  Because his PCR motion is time-barred, we affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2.     On August 8, 2002, Boyett pled guilty to aggravated assault of a law enforcement officer and rape.  He was sentenced to serve a total of fifty years in the custody of the Mississippi Department of Corrections.[1]  On October 4, 2022, Boyett filed a PCR motion,

_____

[1] Jessie Boyett recently had another case before this Court stemming from the same underlying convictions. *Boyett v. Cain*, No. 2022-CP-00978-COA, 2023 WL 8422739

claiming that the State had committed a *Brady* violation, that his counsel was ineffective, and that newly discovered evidence warranted a new trial. On October 17, 2022, after disposing of Boyett's arguments, the circuit court denied the relief requested and dismissed Boyett's PCR motion. Boyett appeals.

## STANDARD OF REVIEW

¶3.     "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if the [circuit] court abused its discretion and the decision is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Mangum v. State*, 367 So. 3d 1043, 1045 (¶5) (Miss. Ct. App. 2023) (quoting *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017)).

## DISCUSSION

¶4.     Boyett filed his PCR motion in 2022, twenty years after he pled guilty in 2002. In the case of a guilty plea, a PCR motion must be filed within three years after the judgment of conviction, Miss. Code Ann. § 99-39-5(2) (Rev. 2020), unless the argument raised meets one of the express statutory exceptions. *Howell v. State*, 358 So. 3d 613, 615 (¶¶7-8) (Miss. 2023). These exceptions essentially require (1) an intervening decision by our state or federal courts, (2) newly discovered evidence, (3) sentence expiration, (4) an unlawful revocation of probation, parole, or conditional release, or (5) a PCR motion filed in a capital case. Miss. Code Ann. § 99-39-5(2)(a)-(b).

_____

(Miss. Ct. App. Dec. 5, 2023). Beyond that, the case is unrelated to this appeal.

2

¶5.     In Boyett's PCR motion, he asserted that newly discovered evidence warranted a new trial. The circuit court found that this issue was without merit. On appeal, Boyett does not challenge the circuit court's determination that this argument was meritless. Boyett also does not argue that the alleged newly discovered evidence excepted his filing from the statutory time-bar. Likewise, Boyett does not argue on appeal that his counsel was ineffective. Thus, Boyett has abandoned these arguments. *Fluker v. State*, 17 So. 3d 181, 182-83 (¶4) (Miss. Ct. App. 2009).

¶6.     As for Boyett's argument that the State committed a *Brady* violation,[2] we note that in the circuit court's order, the circuit judge held that the fundamental-rights exception in our caselaw at the time (August 2022) did not apply to Boyett's *Brady* challenge because Boyett had waived his right to trial. Whether the circuit judge was right or wrong, our Supreme Court has since overturned the fundamental-rights exception's applicability to the three-year statute of limitations.[3]  *Howell*, 358 So. 3d at 615 (¶¶7-8); *see Hathorne v. State*, No. 2021-CT-00306-SCT, 2023 WL 7398722, *4 (¶15) (Miss. Nov. 9, 2023) (reiterating that the door has been left open for "other arguments [that] may be used to attack the constitutionality of the statutory bars, either as applied to particular cases or on their face"). Therefore, we need not address whether the circuit court erred as a matter of law because a *Brady* challenge

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

[3] Judicial decisions are presumed to apply retroactively. *McDowell v. State*, No. 2021-CA-01381-COA, 2023 WL 2383985 at *7 (¶23) (Miss. Ct. App. Mar. 7, 2023) (quoting *Graves*, 761 So. 2d 950, 953-54 (¶8) (Miss. Ct. App. 2000)).

is not one of the statutory exceptions.  *See Howell*, 358 So. 3d at 615 (¶8).

¶7.    For these reasons, we solely address Boyett's arguments that his motion was not a PCR motion and that the court improperly dismissed his PCR motion.

### I.    Whether the circuit court erred by treating Boyett's Motion to Vacate Judgment as a PCR motion.

¶8.    On appeal, Boyett does not challenge the circuit court's legal conclusions but, instead, attacks the characterization of the motion itself.  He claims that the circuit court erred by treating his motion as a PCR motion.  Specifically, Boyett contends that the motion he filed was not a PCR motion at all, but, rather, was a motion under Mississippi Rule of Civil Procedure 60(b).

¶9.    Boyett's argument lacks merit.  Although Boyett styled his motion as a "Motion to Vacate Judgment," the circuit court properly treated Boyett's motion as a motion for post-conviction collateral relief because Boyett challenged the legality of his plea.  *See Bester v. State*, 363 So. 3d 832, 835 (¶9) (Miss. Ct. App. 2019).

### II.    Whether the circuit court ignored the "structural errors" in his plea and erred by not voiding the judgment.

¶10.    Boyett's second argument is related to the first.  Boyett claims that the circuit court plotted to treat his Rule 60(b) motion as a PCR motion in order to overlook the "structural errors" in his plea.  Because we have concluded that the circuit court's treatment of Boyett's motion as a PCR motion was proper, we need not further discuss this claim.

### III.    Whether Boyett's PCR motion is time-barred.

4

¶11. Since we have disposed of Boyett's arguments challenging the nature of the PCR motion itself, we return to the question of whether the circuit court properly dismissed Boyett's PCR motion. Here, Boyett filed his PCR motion in 2022, more than three years after he pled guilty in 2002, which was past the permissible time period to file. Miss. Code Ann. § 99-39-5(2). To proceed on the merits, Boyett must have shown that a statutory exception applied. *Id*. Under these circumstances, we hold that the circuit judge did not clearly err by finding that Boyett did not establish that his claims were not barred. Therefore, Boyett's PCR motion was time-barred. *Howell*, 358 So. 3d at 615 (¶¶7-8). We affirm the circuit court's order denying post-conviction relief and dismissing the motion.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**