# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00918-COA

**RUSSELL HALEY**                                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2023 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RUSSELL HALEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/27/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT**:

¶1.     A man pled guilty to child exploitation. He later filed a petition for post-conviction relief, which was denied. He then filed a second PCR petition. It was dismissed as both time-barred and successive-writ barred. Finding that the petition was indeed barred, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2015, a Warren County grand jury indicted Russell Haley on two counts of child exploitation. In 2017, Haley entered an open plea and was found guilty of one count of child exploitation. Haley was sentenced to forty years in the custody of the Mississippi Department of Corrections, with ten years to serve and the remaining thirty years suspended.

¶3. In 2019, almost two years after Haley's conviction, he filed his first PCR petition in Warren County Circuit Court. In his initial PCR petition, Haley raised several issues— "claiming that his plea was involuntary, that he received ineffective assistance of counsel, and that a condition of his post-release supervision was 'overbroad.'" *Haley v. State*, 331 So. 3d 36, 39 (¶4) (Miss. Ct. App. 2021), *cert. denied*, 331 So. 3d 536 (Miss. 2022). The trial court denied his petition, finding it to be without merit. *Id*. (¶1). The circuit court reasoned Haley failed to meet "the burden of proving by a preponderance of [the] evidence that [his] guilty plea was involuntary." *Id.* at 40 (¶7). Moreover, the circuit court's record demonstrates that the court repeatedly explained the consequences of a guilty plea and "suggests that Haley knew what he was agreeing to." *Id.* at 42 (¶12).

¶4. Haley appealed, and this Court affirmed the denial of his PCR petition, finding "Haley's claim that he received ineffective assistance of counsel to be substantially contradicted by his own sworn statements in court." *Id.* at 45 (¶28). Additionally, based on our review of the record, we found that Haley's post-release supervision was not "overbroad," as "we found a nexus existed between Haley's conviction and the condition implemented by the circuit court." *Id*. at (¶35).

¶5. In January 2023, Haley filed a second PCR petition. The circuit court noted that Haley filed this second PCR petition over five years after he pled guilty, which was well beyond the three-year statute of limitation for filing. Consequently, the circuit court found that Haley's second PCR petition was time-barred, and no exception to the time-bar applied.

¶6. The circuit court also found Haley's second PCR petition barred as successive, raising

2

largely the same issues as his first PCR petition. Therefore the circuit court dismissed the second petition as both untimely and successive. Haley now appeals.

## STANDARD OF REVIEW

¶7. "'When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review.'" *Gilmore v. State*, 379 So. 3d 945, 946 (¶4) (Miss. Ct. App. 2024) (quoting *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020)).

## DISCUSSION

¶8. On appeal, Haley claims it was error for the circuit court to dismiss his second PCR for two reasons. First, he contends a "fundamental rights exception" applies and precludes any procedural bar. Second, he argues the circuit court improperly applied a recent Mississippi Supreme Court decision to his case retroactively. We address each of his arguments in turn.

### I. The PCR petition is time-barred.

¶9. Haley argues that the circuit court erred by focusing on the statutorily allotted time period for filing PCR petitions and that his petition should not have been time-barred. However, the State claims Haley's second PCR petition was properly found to be time-barred under Mississippi law.

¶10. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) requires petitioners seeking post-conviction relief to file a PCR petition "within three (3) years after

entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). This is also true in the case of a guilty plea. *Id.*

¶11. Recently, our Supreme Court determined the three-year deadline for filing PCR claims is inflexible. *Howell v. State*, 358 So. 3d 613, 615 (¶¶8-9) (Miss. 2023). The Court in *Howell* held "that PCR claims are time-barred if filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions." *Id.* at 615-16 (¶¶8, 12). The *Howell* Court reasoned:

> Because the Supreme Court of Mississippi cannot lawfully amend or ignore constitutionally sound law enacted by the Legislature, we overrule . . . case[s] in which, and to the extent that, we have held that [a] fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA].

*Id.* at 616 (¶12).

¶12. These express statutory exceptions include "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence;" new evidence that was "not reasonably discoverable at the time of trial;" if "there exists biological evidence not tested" or subject to new "DNA testing" that would have impacted the conviction or sentence; or where a movant's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked." Miss. Code Ann. § 99-39-5(2)(a)-(b).

¶13. Haley's guilty plea was entered on June 30, 2017, and his second PCR petition was filed on January 11, 2023. Upon calculation, this is a gap of five years, six months, and twelve days. This over-five-year gap places the second PCR petition well outside the

4

three-year statutory window.

¶14. The sole thrust of Haley's argument is that the circuit court erred—not by focusing on the time-bar aspect—but by failing to consider the fundamental rights exception to the time-bar. However, *Howell* explicitly eliminated the "judicially crafted fundamental rights exception" that previously existed for the statute of limitations in PCR claims. 358 So. 3d at 615 (¶8). Therefore, *Howell* made clear that PCR petitions filed outside the three-year window are barred unless one of the express statutory exceptions applies to the claim. Since no statutory exception applies here, Haley's PCR petition is time-barred.

¶15. Furthermore, "Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that an order denying [or dismissing] a PCR motion is considered a final judgment and a bar to a second or successive motion." *Shanks v. State*, 233 So. 3d 877, 880 (¶11) (Miss. Ct. App. 2017). Haley's first PCR petition was his one and only "bite at the apple." *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009). Therefore, Haley's second PCR petition is not only time-barred, but is successive-writ barred and without a statutory exception as well. § 99-39-23(6).

## II. *Howell* **retroactively applies.**

¶16. Additionally, Haley argues that it was improper for the circuit court to retroactively apply *Howell* since he filed his second PCR petition fourteen days before that decision was decided.

¶17. "The general rule is that decisions of the Mississippi Supreme Court are presumed to have retroactive effect." *Graves v. State*, 761 So. 2d 950, 953-54 (¶8) (Miss. Ct. App. 2000).

Furthermore, "'newly enunciated rules of law are applied retroactively to cases that are *pending trial* or that are *on appeal*, and *not final* at the time of the enunciation.'" *Gibson v. Bell*, 312 So. 3d 318, 324 (¶28) (Miss. 2020) (emphasis added) (quoting *Thompson v. City of Vicksburg*, 813 So. 2d 717, 721 (¶16) (Miss. 2002)).

¶18. Haley's second PCR petition was filed before the Supreme Court's decision in *Howell*, but the circuit court ruled on his petition to apply the exception *after* that case was rendered. In accordance with *Graves* and *Gibson*, we find *Howell* was properly applied to Haley's second PCR petition.

## CONCLUSION

¶19. We find Haley's PCR claims were filed three years after his time to file had expired, his petition was successive, and no statutory exception applies. Therefore, we find the circuit court properly dismissed his second PCR petition as both time-barred and successive writ-barred, and we affirm.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**